NO. 23-CV-1021

AUG 1 2023 AM 10:44
FILED-USDC-CT-NEW HAVEN

| | |
|---|---|
| Theodora F. Antar | UNITED STATES DISTRICT COURT |
| Theodora F. Antar, on behalf of A.L. | DISTRICT OF CONNECTICUT |
| Theodora F. Antar, on behalf of J.V. | AT NEW HAVEN |
| v. | |
| Matthew J. Lodice | |
| Scott Lodice | |
| Karen Bowers | |
| Roy Bowers | |
| Jessica Strusky | |
| Stan Strusky | |
| Scott Lodice, on behalf of T.L. | |
| Matthew J. Lodice, on behalf of D.L. | Date: JULY 31, 2023 |
| Monica Perez, on behalf of D.L. | |
| Monica Perez | Case no. 23-CV-1021 |

## Amended emergency application for order of temporary restraining order—Without notice [Fed. R. Civ. P. 65(d)] pursuant to § 47:103

Whereas, it has been made to appear by the Verified Complaint and affidavit submitted by the Plaintiff, which was on this 31st day of July, 2023, presented to the Honorable Presiding Judge of the United States District Court for the District of Connecticut, that an application for Emergency ex-parte Restraining Order preliminary to hearing upon Motion for a Preliminary Injunction should issue, without notice.

Page 1

NO. 23-CV-1021

Immediate and irreparable injury, loss, or damage will result to the Plaintiffs before Notice can be served and a hearing had and Defendant or Defendant's attorney can be heard in opposition, because of the following:

The Plaintiff Theodora Antar currently fears that she will be physically and sexually assaulted as the current threats and harassment that she is being actively subjected to create an extreme likelihood that she will be physically assaulted, sexually assaulted, harassed, and subjected to further severe psychological and emotional abuse at the hands of the defendants in this action. Since the initial filling of this order on 7/28/23, the Defendants have continued to subject the plaintiffs to severe emotional and psychological abuse, harassment, and threats.

The plaintiff has a true and legitimate fear that the current constant threats and harassment will inevitably escalate to actual sexual and/or physical assault and continued and relentless psychological and mental abuse.

**The current situation is an emergency. The Plaintiff's minor child A.L is particularly at risk of severe irreparable psychological harm due to the urgency and exigency of the situation at hand, making it extremely urgent that the foregoing should be considered due to the extraordinary circumstances to which the Plaintiff requires immediate protection under §47:103 and Fed. R. Civ. P. 65(d) and that efforts were made to give Notice of the application for a restraining order and that Notice should not be required.**

**If the following is not granted immediately, then the Plaintiffs will continue to suffer irreparable harm. The Plaintiff's minor child A.L. has been completely isolated from any and all support systems, has been completely isolated from the Plaintiff Theodora Antar, and has been deprived of her fundamental rights including that of emotional and psychological safety.**

Page 2

*Theodora Antar 7/31/23*

NO. 23-CV-1021

Now, therefore on Motion of the Plaintiff,

It is ordered that the cited Defendants under this action and each of them, their agents, successors, deputies, servants and employees, and all persons acting by, through or under them or either of them or by or through their order, are, restrained until further order of the court, from:

1. **Contacting the Plaintiffs in any manner, including by written, electronic or telephone contact, and contacting the plaintiff's home, workplace, or others with whom the contact would be likely to cause annoyance or alarm to the Plaintiffs.**

2. **An order of temporary sole legal and physical custody to the Plaintiff Theodora Antar with no visitation to the Defendants.**

3. **Possessing all firearms and ammunition by any of the Defendants.**

4. **Assaulting, threatening, coercing, abusing, harassing, following, interfering with, or stalking any of the plaintiffs in any manner including, but not limited to, by sexual harassment, custodial interference, coercive control, and psychological/emotional abuse.**

5. **Going to or anywhere near the home of the plaintiffs or wherever they may reside.**

6. **Being within 100 yards of the plaintiffs at any given time in any public or private location.**

7. **That this order be enforceable by any and all law enforcement agencies and by the courts of any state, territorial, or tribal boundaries for any violation of the order and that any said violation would result in federal imprisonment in accordance with 18 U.S.C. §2265 and 18 U.S.C. §2262.**

8. **That penalties be imposed for possessing, transporting, shipping, or receiving any firearm or ammunition while subject to this order of protection in accordance with 18 U.S.C. §922(g)(8)).**

9. **That the Defendants refrain from interfering with the Plaintiffs ability to freely practice their religion.**

NO. 23-CV-1021

This temporary restraint is on condition that no bond be filed by Plaintiff Theodora Antar as Plaintiff Theodora Antar was approved by this court as an indigenous filer and is subject to the right of filing said action without prepayment of fees, costs, or security therefore pursuant to 28 U.S.C. §1915.

It is Further Ordered that the Plaintiff's Motion for Preliminary Injunction be set down for a hearing within ten days from the date of issue to take place at a time specified by the Court's discretion and that all Defendants be ordered to appear and to show cause before the court at said hearing date in the United States Courthouse at 141 Church st, New Haven, CT, 06510 why a Preliminary Injunction in this matter should not be made into a final order.

Dated: July 31, 2023

_____
United States District Judge
District of Connecticut