NO. 23-CV-1021

| | |
|---|---|
| Theodora F. Antar | UNITED STATES DISTRICT COURT |
| Theodora F. Antar, on behalf of A.L. | DISTRICT OF CONNECTICUT |
| Theodora F. Antar, on behalf of J.V. | AT NEW HAVEN |
| v. | |
| Matthew J. Lodice | |
| Scott Lodice | |
| Karen Bowers | |
| Roy Bowers | |
| Jessica Strusky | |
| Stan Strusky | |
| Scott Lodice, on behalf of T.L. | |
| Matthew J. Lodice, on behalf of D.L. | Date: JULY 31, 2023 |
| Monica Perez, on behalf of D.L. | |
| Monica Perez | Case no. 23-CV-1021 |

# Amended emergency application for order of temporary restraining order—Without notice
# [Fed. R. Civ. P. 65(d)] pursuant to § 47:103

Whereas, it has been made to appear by the Verified Complaint and affidavit submitted by the Plaintiff, which was on this 31st day of July, 2023, presented to the Honorable Presiding Judge of the United States District Court for the District of Connecticut, that an application for Emergency ex-parte Restraining Order preliminary to hearing upon Motion for a Preliminary Injunction should issue, without notice.

Page 1

NO. 23-CV-1021

Immediate and irreparable injury, loss, or damage will result to the Plaintiffs before Notice can be served and a hearing had and Defendant or Defendant's attorney can be heard in opposition, because of the following:

The Plaintiff Theodora Antar currently fears that she will be physically and sexually assaulted as the current threats and harassment that she is being actively subjected to create an extreme likelihood that she will be physically assaulted, sexually assaulted, harassed, and subjected to further severe psychological and emotional abuse at the hands of the defendants in this action. Since the initial filling of this order on 7/28/23, the Defendants have continued to subject the plaintiffs to severe emotional and psychological abuse, harassment, and threats.

The plaintiff has a true and legitimate fear that the current constant threats and harassment will inevitably escalate to actual sexual and/or physical assault and continued and relentless psychological and mental abuse.

**The current situation is an emergency. The Plaintiff's minor child A.L is particularly at risk of severe irreparable psychological harm due to the urgency and exigency of the situation at hand, making it extremely urgent that the foregoing should be considered due to the extraordinary circumstances to which the Plaintiff requires immediate protection under §47:103 and Fed. R. Civ. P. 65(d) and that efforts were made to give Notice of the application for a restraining order and that Notice should not be required.**

**If the following is not granted immediately, then the Plaintiffs will continue to suffer irreparable harm. The Plaintiff's minor child A.L. has been completely isolated from any and all support systems, has been completely isolated from the Plaintiff Theodora Antar, and has been deprived of her fundamental rights including that of emotional and psychological safety.**

NO. 23-CV-1021

Now, therefore on Motion of the Plaintiff,

It is ordered that the cited Defendants under this action and each of them, their agents, successors, deputies, servants and employees, and all persons acting by, through or under them or either of them or by or through their order, are, restrained until further order of the court, from:

1. **Contacting the Plaintiffs in any manner, including by written, electronic or telephone contact, and contacting the plaintiff's home, workplace, or others with whom the contact would be likely to cause annoyance or alarm to the Plaintiffs.**

2. **An order of temporary sole legal and physical custody to the Plaintiff Theodora Antar with no visitation to the Defendants.**

3. **Possessing all firearms and ammunition by any of the Defendants.**

4. **Assaulting, threatening, coercing, abusing, harassing, following, interfering with, or stalking any of the plaintiffs in any manner including, but not limited to, by sexual harassment, custodial interference, coercive control, and psychological/emotional abuse.**

5. **Going to or anywhere near the home of the plaintiffs or wherever they may reside.**

6. **Being within 100 yards of the plaintiffs at any given time in any public or private location.**

7. **That this order be enforceable by any and all law enforcement agencies and by the courts of any state, territorial, or tribal boundaries for any violation of the order and that any said violation would result in federal imprisonment in accordance with 18 U.S.C. §2265 and 18 U.S.C. §2262.**

8. **That penalties be imposed for possessing, transporting, shipping, or receiving any firearm or ammunition while subject to this order of protection in accordance with 18 U.S.C. §922(g)(8)).**

9. **That the Defendants refrain from interfering with the Plaintiffs ability to freely practice their religion.**

NO. 23-CV-1021

This temporary restraint is on condition that no bond be filed by Plaintiff Theodora Antar as Plaintiff Theodora Antar was approved by this court as an indigenous filer and is subject to the right of filing said action without prepayment of fees, costs, or security therefore pursuant to 28 U.S.C. §1915.

It is Further Ordered that the Plaintiff's Motion for Preliminary Injunction be set down for a hearing within ten days from the date of issue to take place at a time specified by the Court's discretion and that all Defendants be ordered to appear and to show cause before the court at said hearing date in the United States Courthouse at 141 Church st, New Haven, CT, 06510 why a Preliminary Injunction in this matter should not be made into a final order.

Dated: July 31, 2023

_____

United States District Judge
District of Connecticut

NO. 23-CV-1021

| | |
|---|---|
| Theodora F. Antar | UNITED STATES DISTRICT COURT |
| Theodora F. Antar, on behalf of A.L. | DISTRICT OF CONNECTICUT |
| Theodora F. Antar, on behalf of J.V. | AT NEW HAVEN |
| v. | |
| Matthew J. Lodice | |
| Scott Lodice | |
| Karen Bowers | |
| Roy Bowers | |
| Jessica Strusky | |
| Stan Strusky | |
| Scott Lodice, on behalf of T.L. | |
| Matthew J. Lodice, on behalf of D.L. | Date: JULY 31, 2023 |
| Monica Perez, on behalf of D.L. | |
| Monica Perez | Case no. 23-CV-1021 |

# Verified Complaint and Affidavit Re:Emergency ex-parte application for Order for temporary restraining order— Without notice [Fed. R. Civ. P. 65(d)] pursuant to § 47:103

1. **Plaintiffs:**

   a.  Theodora F. Antar

      856 Shagbark Drive, Orange, CT, 06477

NO. 23-CV-1021

    b.  Theodora F. Antar, on behalf of A.L.

        48 Quarry Hill Road, Waterbury, CT, 06706


    c.  Theodora F. Antar, on behalf of J.V.

        856 Shagbark Drive, Orange, CT, 06477


**2.  Defendants:**

    a.  Matthew J. Lodice

        48 Quarry Hill Road, Waterbury, CT, 06706

    b.  Scott Lodice

        462 Coram Avenue, Shelton, CT, 06484

    c.  Karen Bowers

        48 Quarry Hill Road, Waterbury, CT, 06706

    d.  Roy Bowers

        48 Quarry Hill Road, Waterbury, CT, 06706

    e.  Jessica Strusky

        100 Salem Road, Prospect, CT, 06712

    f.  Stan Strusky

        100 Salem Road, Prospect, CT, 06712

    g.  Scott Lodice, on behalf of T.L.

NO. 23-CV-1021

462 Coram Avenue, Shelton, CT, 06484

h.   Matthew J. Lodice, on behalf of D.L.

15 Panthorn Trail, Southington, CT, 06489

i.   Monica Perez, on behalf of D.L.

15 Panthorn Trail, Southington, CT, 06489

j.   Monica Perez

15 Panthorn Trail, Southington, CT, 06489

**3.   Jurisdiction:**

1. All parties in and to this action are residing within the jurisdiction of the District of Connecticut and as such this court has proper jurisdiction.

2. Furthermore, subject matter jurisdiction exists in this action due to the following:

a.   Plaintiffs have the right to "life, liberty, and the pursuit of happiness" in accordance with their Fourteenth Amendment Equal Protection rights as guaranteed by the United States Constitution.

b.   Plaintiffs have the right to be protected against intentional infliction of emotional distress arising out of custodial interference and other forms of psychological abuse and emotional distress. (The Restatement (Second) of Torts 46(1)(1977))

c.   Sexual harassment is illegal and violates Title VII of the Civil Rights Act of 1964, 42 US Code § 2000e et seq., as amended, as well as Connecticut General Statutes §§46a-60 (a)(1) and 46a-60 (a)(8).

NO. 23-CV-1021

    d.  The Uniform Interstate Family Support Act, §303 states that Congress has expressed an importance of "establishing parenting time arrangements . . . [as an] important goal which should be accompanied by strong family violence safeguards and states should use existing funding sources to support the establishment of parenting time arrangements."

    e.  The CAPTA Reauthorization Act of 2010-Title I: Child Abuse Prevention and Treatment Act, §114 provides for a "provision for the safety of the nonabusing parent involved and children and provision of services to children exposed to domestic violence that also support the caregiving role of the non-abusing parent."

    f.  The CAPTA Reauthorization Act of 2010-Title I: Child Abuse Prevention and Treatment Act, §110 redefines child abuse and neglect to mean, "at a minimum, any recent act or failure to act on the part of a parent or caretaker, which results in death or serious physical or emotional harm, sexual abuse or exploitation, or an act or failure to act which presents an imminent risk of serious harm."

    g.  Title III: The Family Violence Prevention and Services Act authorizes the "prevent[ion] [of] family violence . . . and assistance to victims and their dependance."

**4. Statement of Facts:**

    a.  The following specific facts set forth in this verified complaint and affidavit clearly show that immediate and irreparable injury, loss, and damage will result to the Plaintiffs if immediate relief is not granted.before the adverse parties can be heard in opposition.

NO. 23-CV-1021

b. Plaintiff submits that she has been relentlessly harassed and abused on numerous occasions by the above cited Defendants based on the following counts:

**COUNT ONE –  THEODORA ANTAR V SCOTT LODICE – SEXUAL HARASSMENT**

1.       At all times mentioned herein, the plaintiff, Theodora F. Antar was a resident of the Town of Orange, County of New Haven, and State of Connecticut.

2.       At all times mentioned herein, the defendant, Scott Lodice, was a resident of the Town of Shelton, County of New Haven, and State of Connecticut.

3. On or about July 1, 2023, at approximately 4:48PM, the Plaintiff Theodora Antar initiated contact with the Defendant Scott Lodice via text message for the purpose of seeking his help in facilitating a potential future visitation exchange of her minor daughter A.L.

4. At said date and time, the Plaintiff Theodora Antar also expressed to the Defendant Scott Lodice that Defendant Matthew J. Lodice had been unlawfully and unreasonably withholding visitation with her minor daughter A.L. against the wishes and legal rights of both A.L. and the Plaintiff Theodora Antar.

5. Furthermore, at said date and time, the Plaintiff Theodora Antar also expressed to the Defendant Scott Lodice that the Defendants Matthew J. Lodice, Jessica Strusky, Stan Strusky, Karen Bowers, and Roy Bowers had been subjecting her to a continuous pattern of intentional infliction of emotional distress through constant and relentless emotional/psychological abuse in the form of coercion, harassment and custodial interference by withholding A.L. unlawfully and unreasonably.

6. The Plaintiff Theodora Antar also expressed to the Defendant Scott Lodice at said date and time that she was distraught and emotionally distressed over the fact that she had only been

NO. 23-CV-1021

allowed to spend a total of 36 hours of visitation time in the preceding five weeks due to the ongoing pattern of the Defendants unlawfully and unreasonably withholding A.L.

7. At said date and time, the Plaintiff Theodora Antar also expressed to the Defendant Scott Lodice that she was emotionally distressed over the ongoing violations of her rights, specifically concerning the continued pattern of emotional, sexual, and psychological abuse that she was being subjected to at the time by the Defendant Matthew J. Lodice through his incessant coercion and harassment.

8. The Plaintiff Theodora Antar also offered to provide the necessary transportation involved in the facilitation of said potential future visitation exchange if the Defendant Scott Lodice would agree to the future potential terms and asked him if he would agree to such arrangements assuming the Defendant Matthew J. Lodice would also be in agreement.

9. That at said date and time, the Defendant Scott Lodice agreed that he would make reasonable efforts toward the facilitation of said visitation exchange with A.L. so that the Plaintiff Theodora Antar could exercise her constitutional custodial right of visitation as the mother and legal guardian of A.L.

10. The Plaintiff Theodora Antar then expressed her desperation for wanting to see A.L. and asked the Defendant Scott Lodice if he could potentially assist with an exchange of A.L. that same evening for a viewing of fireworks for an Independence Day celebration, and offered to provide him with either a meal or compensation for fuel if he was willing to assist in the facilitation of said visitation.

11. At said date and time, the Plaintiff Theodora Antar also expressed to the Defendant Scott Lodice that the Defendant Matthew J. Lodice had been instructed at a prior court

proceeding to allow her regular visitation and access to A.L., but that he was nonetheless unlawfully and unreasonably withholding and isolating A.L. from the Plaintiff Theodora Antar.

12. The Plaintiff Theodora Antar then asked the Defendant Scott Lodice to inform her of any potential dates and times that he would be willing to participate in the facilitation of a future exchange with A.L. and indicated that all plans needed to be made in writing and that she would confirm any said plans in writing with the Defendant Matthew J. Lodice.

13. The Plaintiff Theodora Antar then expressed her appreciation for the Defendant Scott Lodice's agreement toward any future facilitation of visitation with A.L., and offered to compensate him with food or beverage in return for his assistance.

14. That the Defendant Scott Lodice then, suddenly and without warning or solicitation, began to sexually harass the Plaintiff Theodora Antar by making sexual demands via requesting nude photos of Plaintiff Theodora Antar in exchange for his facilitation of the Plaintiff Theodora Antar's visit with her minor child A.L.

15. The Plaintiff Theodora Antar then expressed her disdain of the Defendant Scott Lodice's request for pornographic images and asked again if he would be able to potentially assist her by facilitating a visit for that same date.

16. The Defendant Scott Lodice then declined to assist the Plaintiff Theodora Antar on said date and time and then, suddenly and without warning or solicitation, began to sexually harass the Plaintiff Theodora Antar further by making sexual demands via requesting nude photos of Plaintiff Theodora Antar for a second time.

17. The Plaintiff Theodora Antar then attempted to ignore the Defendant Scott Lodice's unsolicited request for pornographic images of her by responding only to his message regarding

NO. 23-CV-1021

the visitation and attempted to ask if he could try to fit in time for said visitation notwithstanding his busy schedule.

18. The Defendant Scott Lodice then, suddenly and without warning or solicitation, began to sexually harass the Plaintiff Theodora Antar further by making sexual demands via requesting nude photos of Plaintiff Theodora Antar for a third time. He then stated that he would be unavailable to assist her with any facilitation  until the following day.

19. The Plaintiff Theodora Antar then ignored the Defendant Scott Lodice's third attempt to solicit pornographic images of her and did not respond to him until the next day when she attempted to contact him again regarding a possible facilitation of a visitation.

20. The Defendant Scott Lodice did not respond to the Plaintiff Theodora Antar at all after she ignored and expressed her disdain toward his three repeated attempts at soliciting her for pornographic images.

21. That more than two days went by and the Plaintiff Theodora Antar still did not get a response from the Defendant Scott Lodice. The Plaintiff Theodora Antar then attempted to contact the Defendant Scott Lodice again and questioned whether his lack of response was based solely on her unwillingness to provide him with said pornographic images.

22. The Plaintiff Theodora Antar then expressed her disdain for the actions of the Defendant Scott Lodice and informed him that she was of the belief that his behavior was abusive in nature.

23. The Defendant Scott Lodice then responded and attempted to claim that he was unaware of what the Plaintiff Theodora Antar was referencing in her messages.

24. At said date and time, the Defendant Scott Lodice then, minutes before midnight, suddenly and without warning, sent the Plaintiff Theodora Antar a suspicious link via text

NO. 23-CV-1021

message soliciting her to download an unrecognized mobile application and participate in an unidentified event in exchange for $50.00.

25. The Plaintiff Theodora Antar ignored said suspicious link and solicitation and did not respond.

26. The following day, without solicitation, the Defendant Scott Lodice then continued to harass the Plaintiff Theodora Antar via text message and expressed his disdain with her, at which point the Plaintiff responded by reiterating her disapproval of his sexual harassment.

27. The Plaintiff Theodora also informed the Defendant Scott Lodice that she disapproved of his participation in the ongoing withholding of A.L. by other Defendants such as T.L. and explained that she was upset about the continued sexual harassment.

28. The Defendant Scott Lodice took no responsibility for his actions and ignored the Plaintiff's concerns.

29. The Plaintiff informed the Defendant Scott Lodice that she had documentation in the form of the text messages of his sexual harassment and that she was distraught and distressed by both that and by his role in the ongoing isolation and abuse. The Plaintiff instructed the Defendant Scott Lodice to cease all contact with her at that time.

30. The Defendant Scott Lodice then continued to ignore the Plaintiff Theodora Antar's request for him to cease all contact with her at that time and continued to harass her with further contact, at which point the Plaintiff Theodora Antar again expressed her disapproval of his sexual harassment and instructed him to cease all contact with her at that time.

31. The Defendant Scott Lodice then continued to ignore the Plaintiff Theodora Antar's request for him to cease all contact with her for a second time and continued to harass her with further contact.

NO. 23-CV-1021

32. The Plaintiff Theodora Antar then expressed her distress over his intentional infliction of emotional abuse and sexual harassment and asked that he and Defendant T.L. cease from their role in isolating and withholding A.L. from me both unreasonably and unlawfully and asked again that he cease contact with her.

33. The Defendant Scott Lodice then continued to ignore the Plaintiff Theodora Antar's request for him to cease all contact with her at that time and continued to harass her with further contact.

34. The Plaintiff Theodora Antar then asked again for the Defendant Scott Lodice to cease contact with her and not to contact her again.

35. The Defendant Scott Lodice then continued to ignore the Plaintiff Theodora Antar's request for him to cease all contact with her at that time and continued to harass her with further contact.

36. The following day, the Plaintiff Theodora Antar responded to the Defendant Scott Lodice's message and informed him that she was upset regarding his sexual harassment and asked him again to cease contact with her and not to contact her anymore, stating that she would notify law enforcement and seek legal relief from abuse if he would not stop harassing her.

37. Two days later, the Defendant Scott Lodice then, suddenly and without warning, contacted the Plaintiff Theodora Antar again despite her repeated requests for no contact and began to threaten her, stating that he would "make sure" that she would suffer the loss of her daughter J.V.

38. The Plaintiff Theodora Antar then began to fear for her safety and the safety of her children and asked again that the Defendant Scott Lodice not contact her anymore. The Plaintiff Theodora Antar also asked that the Defendant Scott Lodice stop threatening and harassing her.

NO. 23-CV-1021

39. The Defendant Scott Lodice then continued to harass the Plaintiff Theodora Antar and continued to ignore the Plaintiff Theodora Antar's request for him to cease all contact with her at that time and continued to harass her with further contact and threats.

40. At said time, the Plaintiff Theodora Antar asked again that the Defendant Scott Lodice stop harassing her and cease all contact with her.

## COUNT TWO –  THEODORA ANTAR V SCOTT LODICE – THREATENING

1-40. Paragraphs 1 through 40 of Count One are hereby incorporated by reference and made corresponding paragraphs 1 through 40 of this Count Two.

41. After Plaintiff has requested Defendant Scott Lodice to refrain from sexually harassing her Defendant Scott Lodice threatened Plaintiff that he will make false charges against her at DCF and that he will make sure that she loses her other daughter J.V., of whom Plaintiff has sole legal and physical custody of.

42. This threat is also a threat to Plaintiff's daughter J.V causing irreparable emotional distress anxiety and intentional infliction of harm. The Plaintiff's other daughter is only 8 years old. Plaintiff again requested Defendant Scott Lodice to refrain from making such threats and to refrain from making false reports which constitutes a felony.

## COUNT THREE –  THEODORA ANTAR V SCOTT LODICE – HARASSMENT

1-40. Paragraphs 1 through 40 of Count One are hereby incorporated by reference and made corresponding paragraphs 1 through 40 of this Count Three.

NO. 23-CV-1021

41. Defendant Scott Lodice notwithstanding the fact that Plaintiff requested him to refrain from sending her text messages containing threats and of a sexual manner still refused and as Plaintiff would not adhere to his sick demands for pornographic explicit photos of Plaintiff.

42. It is still unclear what Defendant Scott Lodice intentions would be by receiving pornographic photos and this type of harassment is of a very big concern to Plaintiff Theodora Antar since Defendant Scott Lodice also has a minor daughter T.L. who could access Defendant Scott Lodice's phone at any given time.  There is a real threat and possibility of Scott Lodice retaliating against Plaintiff Theodora Antar due to her refusal to comply with his relentless harassment and sexual harassment that his obsession to receive photos of a pornographic nature could escalate to him physically sexually attacking her.

43. The Plaintiff Theodora Antar feels severely threatened by Defendant Scott Lodice's actions and consequently seeks an urgent order from this court ordering Defendant Scott Lodice by manner of this urgent injunction for relief.


**COUNT FOUR – THEODORA ANTAR V SCOTT LODICE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-40. Paragraphs 1 through 40 of Count One are hereby incorporated by reference and made corresponding paragraphs 1 through 40 of this Count Four.

41. Defendant Scott Lodice's sexual harassment and his threats that he would make false reports to DCF about Plaintiff Theodora Antar in an effort to separate her from  her minor daughter J.V. were done with malicious intent and he has thus inflicted intentional emotional distress upon Plaintiff Theodora Antar and caused her unnecessary anxiety which has also had a damaging effect on Plaintiff Theodora Antar's minor daughter JV.

NO. 23-CV-1021

## COUNT FIVE –  THEODORA ANTAR V MATTHEW J. LODICE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.      At all times mentioned herein, the plaintiff, Theodora F. Antar was a resident of the Town of Orange, County of New Haven, and State of Connecticut.

2.      At all times mentioned herein, the defendant, Matthew J. Lodice, was a resident of the Town of Waterbury, County of New Haven, and State of Connecticut.

3. The defendant Matthew J. Lodice has subjected the Plaintiff to severe intentional infliction of emotional distress on a constant and repetitive basis.

4.   The parties are the parents of a 4 year old girl (A.L).  The Plaintiff Theodora Antar has the court-ordered legal right to have regular contact with her minor daughter A.L. on a daily basis, including by means of video calls.

5. The  Defendant Matthew J. Lodice continuously, unlawfully, and unreasonably insists on withholding A.L. from the Plaintiff Theodora Antar by interfering in the contact that the Plaintiff Theodora Antar has with A.L.

6. The parties communicate solely through the OurFamilyWizard app based on stipulations that the Defendant Matthew J. Lodice was Court Ordered to only communicate with Plaintiff Theodora Antar as such.

7. Notwithstanding the above, the Defendant Matthew J. Lodice has insisted on deliberately and maliciously harassing and constantly threatening the Plaintiff Theodora Antar with "getting arrested" for absolutely no reason in a desperate attempt to break Plaintiff Theodora Antar down mentally, emotionally and psychologically which constitutes acts that are just torturous.

NO. 23-CV-1021

8. Furthermore, the Defendant Matthew J. Lodice's behavior constantly interferes with the Plaintiff Theodora Antar's custodial rights, parenting time and bonding/interaction with her minor daughter A.L.

9. The Defendant Matthew J. Lodice is deliberately and maliciously inflicting a tremendous level of emotional and psychological harm upon the Plaintiff Theodora Antar by ignoring her various attempts to contact and access her minor child, constantly harassing her by contacting her outside of the OurFamilyWizard app, and having repeated contact with others to cause her annoyance and alarm in an effort to harass her.

10. The Defendant Matthew J. Lodice has also abused the Plaintiff Theodora Antar psychologically and emotionally by means of coercion, harassment, threatening, and sexual harassment on numerous occasions.

11. The Defendant Matthew J. Lodice also has a long history of violent behavior and a substantial criminal record for abuse and neglect which causes the Plaintiff Theodora Antar to live in constant fear.

12. The Defendant Matthew J. Lodice has continued to abuse the Plaintiff Theodora Antar via means of his coercive manipulative attitude and repeated and intentional infliction of emotional distress by unlawfully, intentionally, and unreasonably repeatedly withholding the minor child A.L. from the Plaintiff Theodora Antar.

13. The actions of the Defendant Matthew J. Lodice not only constitute child abuse but also intentional infliction of emotional distress upon the Plaintiff Theodora Antar.

14. The Defendant Matthew J. Lodice has threatened, mocked, and disparaged the Plaintiff Theodora Antar numerous times in front of the partie's minor child A.L. and has repeatedly threatened that he will continue to isolate the Plaintiff Theodora Antar from A.L.

NO. 23-CV-1021

15. The Defendant Matthew J. Lodice's threats and harassment have inflicted tremendous emotional distress not only upon the Plaintiff Theodora Antar but also upon A.L. who as stated is only 4 years old.

16. The Defendant Matthew Lodice's actions of telling a 4 year old that she is not going to see her mommy or go back to her house ever again is just nothing less than child abuse, coercive control, manipulation and the infliction of emotional distress causing irreparable harm not only to Plantiff Theodora Antar but also to her minor child A.L.

## COUNT SIX – THEODORA ANTAR V KAREN BOWERS – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Defendant Karen Bowers is the mother of Defendants Scott Lodice and Matthew J Lodice.  Defendant Karen Bowers has repeatedly on numerous occasions denied the Plaintiff Theodora Antar the right to calls and video calls with her minor daughter A.L.

2. Defendant Karen Bowers has also consistently, unreasonably, and unlawfully withheld A.L. and isolated her from the Plaintiff Theodora Antar.

3. Defendant Karen Bowers has harassed and made several disparaging statements about the Plaintiff Theodora Antar to A.L. and interfered as such during the Plaintiff Theodora Antar's phone communication.

4. The Defendant Karen Bowers restricts and prevents the Plaintiff from accessing A.L. via phone or video calls, and when she does allow the contact on rare occasions, she has made harassing statements and denigrated the Plaintiff Theodora Antar with the Defendant Matthew J. Lodice by making insulting comments like "mommy is the worst",

NO. 23-CV-1021

which in turn creates a negative environment for both the Plaintiff Theodora Antar and her minor daughter A.L. to have a mutual interaction.

5. This type of behavior exhibited by the Defendant Karen Bowers has caused irreparable harm and interference in the communication between a mother and daughter and thus has intentionally inflicted emotional harm and distress on the Plaintiff Theodora Antar.

6. The harassment and psychological and emotional abuse and brainwashing that the Defendant Karen Bowers exhibits in her constantly telling a 4 year old that her "mommy is bad" constitutes both emotional and mental torture and abuse.

7. If the actions of the Defendant Karen Bowers are not stopped immediately this negative behavior and deliberate interference will cause irreparable harm to the parent - child relationship between mother and daughter .

**COUNT SEVEN – THEODORA ANTAR V ROY BOWERS – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-7. Paragraphs 1 through 7 of Count Six are hereby incorporated by reference and made corresponding paragraphs 1 through 7 of this Count Seven.

8. Roy Bowers is the stepfather of Defendants Matthew J Lodce and Scott Lodice.  He has been acting in conjunction with his wife Karen Bowers to continue to intentionally inflict emotional distress upon the Plaintiff Theodora Antar.

9. Defendant Roy Bowers has deliberately and maliciously withheld communication between Plaintiff Theodora Antar and her minor daughter A.L.  This deliberate malicious inflicting of immense emotional harm is causing immeasurable distress for Plaintiff Theodora Antar.

NO. 23-CV-1021

## COUNT EIGHT – A.L. V KAREN BOWERS – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-7. Paragraphs 1 through 7 of Count Six are hereby incorporated by reference and made corresponding paragraphs 1 through 7 of this Count Eight.

8. The Plaintiff A.L. has been suffering from the Defendant Karen Bowers's intentional infliction of emotional distress of being unlawfully and unreasonably withheld from visiting and having contact with the Plaintiff Theodora Antar.

## COUNT NINE – A.L. V MATTHEW J. LODICE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91-16. Paragraphs 1 through 16 of Count Five are hereby incorporated by reference and made corresponding paragraphs 1 through 16 of this Count Nine.

17. The actions of the Defendant Matthew J. Lodice against the Plaintiff Theodora Antar have also harmed A.L.

## COUNT TEN – THEODORA ANTAR V MONICA PEREZ – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Defendant Monica Perez, the mother of D.L. has subjected the Plaintiff Theodora Antar to continued psychological abuse and intentional infliction of emotional distress.

2. The Defendant Monica Perez has participated in unlawfully and unreasonably withholding A.L. from the Plaintiff Theodora Antar, thus denying her the legal right to visitation and access to A.L.

NO. 23-CV-1021

3. The Defendant Monica Perez has unlawfully and unreasonably interfered with the Plaintiff Theodora Antar's right to speak to A.L. by denying her the right to both phone calls and video calls with A.L.

4. The actions of the Defendant Monica Perez have caused the Plaintiff Theodora Antar immense emotional and psychological harm.

**COUNT ELEVEN – THEODORA ANTAR V D.L. – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-4. Paragraphs 1 through 4 of Count Ten are hereby incorporated by reference and made corresponding paragraphs 1 through 4 of this Count Eleven.

5. D.L. has also contributed in the same way toward the intentional infliction of emotional distress that was done by the Defendant Monica Perez through the same behavior of unreasonable and unlawful withholding of access to A.L.

**COUNT TWELVE – A.L. V MONICA PEREZ – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-4. Paragraphs 1 through 4 of Count Ten are hereby incorporated by reference and made corresponding paragraphs 1 through 4 of this Count Twelve.

5. The actions of the Defendant Monica Perez against the Plaintiff Theodora Antar have also harmed A.L.

**COUNT THIRTEEN – A.L. V D.L. – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

NO. 23-CV-1021

1-5. Paragraphs 1 through 5 of Count Eleven are hereby incorporated by reference and made corresponding paragraphs 1 through 5 of this Count Thirteen.

6.  The actions of the Defendant D.L. against the Plaintiff Theodora Antar have also harmed A.L.

**COUNT FOURTEEN –  THEODORA ANTAR V T.L. – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-4. Paragraphs 1 through 4 of Count Ten are hereby incorporated by reference and made corresponding paragraphs 1 through 4 of this Count Fourteen.

5. T.L. has also contributed in the same way toward the intentional infliction of emotional distress that was done by the Defendant Monica Perez through the same behavior of unreasonable and unlawful withholding of access to A.L.


**COUNT FIFTEEN –  A.L. V T.L. – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-5. Paragraphs 1 through 5 of Count Fourteen are hereby incorporated by reference and made corresponding paragraphs 1 through 5 of this Count Fifteen.

6. The actions of the Defendant T.L. against the Plaintiff Theodora Antar have also harmed A.L.


**COUNT SIXTEEN – A.L. V SCOTT LODICE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-40. Paragraphs 1 through 40 of Count One are hereby incorporated by reference and made corresponding paragraphs 1 through 40 of this Count Sixteen.

NO. 23-CV-1021

41. The actions of the Defendant Scott Lodice against the Plaintiff Theodora Antar have also harmed A.L. She has been completely isolated from her family and support system and is being psychologically abused through coercive control.

## COUNT SEVENTEEN – THEODORA ANTAR V STAN STRUSKY – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-4. Paragraphs 1 through 4 of Count Ten are hereby incorporated by reference and made corresponding paragraphs 1 through 4 of this Count Seventeen.

5. Defendant Stan Strusky has also contributed in the same way toward the intentional infliction of emotional distress that was done by the Defendant Monica Perez through the same behavior of unreasonable and unlawful withholding of access to A.L.

## COUNT EIGHTEEN – A.L. V STAN STRUSKY – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-5. Paragraphs 1 through 5 of Count Eighteen are hereby incorporated by reference and made corresponding paragraphs 1 through 5 of this Count Eighteen.

6. The actions of the Defendant Stan Strusky against the Plaintiff Theodora Antar have also harmed A.L.

## COUNT NINETEEN – THEODORA ANTAR V JESSICA STRUSKY – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-4. Paragraphs 1 through 4 of Count Ten are hereby incorporated by reference and made corresponding paragraphs 1 through 4 of this Count Nineteen.

NO. 23-CV-1021

5. Defendant Jessica Strusky has also contributed in the same way toward the intentional infliction of emotional distress that was done by the Defendant Monica Perez through the same behavior of unreasonable and unlawful withholding of access to A.L.

**COUNT TWENTY – A.L. V JESSICA STRUSKY – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-5. Paragraphs 1 through 5 of Count Nineteen are hereby incorporated by reference and made corresponding paragraphs 1 through 5 of this Count Twenty.

6. 6. The actions of the Defendant Jessica Strusky against the Plaintiff Theodora Antar have also harmed A.L.

**COUNT TWENTY ONE – A.L. V ROY BOWERS – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-9. Paragraphs 1 through 9 of Count Seven are hereby incorporated by reference and made corresponding paragraphs 1 through 9 of this Count Twentyone.

10, The actions of the Defendant Roy Bowers against the Plaintiff Theodora Antar have also harmed A.L.

**IN SUM WITH REFERENCE TO NON PARENT PARTIES:**

In. §458:17—d (1992), and some apply a presumption that parental decisions should control, see, *e.g.*, Cal. Fam. Code Ann. §§3104(e)—(f) (West 1994); R. I. Gen. Laws §15—5—24.3(a)(2)(v) (Supp. 1999). Georgia's is the sole State Legislature to have adopted a general harm to the child standard, see Ga. Code Ann. §19—7—3(c) (1999), and it did so only after the Georgia Supreme

NO. 23-CV-1021

Court held the State's prior visitation statute invalid under the Federal and Georgia Constitutions, see *Brooks* v. *Parkerson*, 265 Ga. 189, 454 S. E. 2d 769, cert. denied, 516 U.S. 942 (1995).

In light of the inconclusive historical record and case law, as well as the almost universal adoption of the best interests standard for visitation disputes, it would be hard pressed to conclude the right to be free of such review in all cases is itself " 'implicit in the concept of ordered liberty.' " *Glucksberg*, 521 U.S., at 721 (quoting *Palko* v. *Connecticut,* 302 U.S. 319, 325 (1937)). It would be more appropriate to conclude that the constitutionality of the application of the best interests standard depends on more specific factors. In short, a fit parent's right vis-à-vis a complete stranger is one thing; her right vis-à-vis another parent or a *de facto* parent may be another. The protection the Constitution requires, then, must be elaborated with care, using the discipline and instruction of the case law system. We must keep in mind that family courts in the 50 States confront these factual variations each day, and are best situated to consider the unpredictable, yet inevitable, issues that arise. Cf. *Ankenbrandt* v. *Richards,* 504 U.S. 689, 703—704 (1992).

It must be recognized, of course, that a domestic relations proceeding in and of itself can constitute state intervention that is so disruptive of the parent-child relationship that the constitutional right of a custodial parent to make certain basic determinations for the child's welfare becomes implicated. The best interests of the child standard has at times been criticized as indeterminate, leading to unpredictable results. See, *e.g*., American Law Institute, Principles of the Law of Family Dissolution 2, and n. 2 (Tentative Draft No. 3, Mar. 20, 1998). If a single parent who is struggling to raise a child is faced with visitation demands from a third party, the attorney's fees alone might destroy her hopes and plans for the child's future. Our system must confront more often the reality that litigation can itself be so disruptive that constitutional

NO. 23-CV-1021

protection may be required; and it cannot be discounted that the possibility that in some instances the best interests of the child standard may provide insufficient protection to the parent-child relationship.   In this case the constant interference, harassment and withholding of the minor child from her mother requires intervention   by this Court to protect the parent 'child relationship.

It should suffice in this case that the holding of the best interests of the child standard is always unconstitutional in third-party visitation cases. Whether, under the circumstances of this case, the order requiring visitation over the objection of this fit parent violates the Constitution.  As it is, none of the parties has any visitation  rights and moreover no right to withhold the minor child from. Her mother. The Defendants are so distorted in their desperate attempt to withhold the minor child A.L that the Defendant Matthew J Lodice refuses that AL can even go to Sunday School.  Plaintiff Theodora Antar as biological parent of the minor child A.L.  should be afforded protection by the laws and Constitution against deliberate third party and non parent interference. Third parties or non parents should show that their visitation with a minor child would not damage the parent-child relationship.

## APPENDIX

All exhibits and evidence can be submitted.

## CONCLUSION

The Plaintiff Theodora Antar hereby has proved with substantiated facts as set forth in this affidavit and verified complaint and affirms that there exists no other remedy available in

NO. 23-CV-1021

this action other than for the Court to grant this temporary emergency injunction to avoid further irreparable harm to the Plaintiffs. Since the date that this application for temporary emergency injunction was first filed, the abuse and harassment has increased drastically. On July 28, 2023, just hours after the Plaintiff filed the initial complaint, the Defendant Scott Lodice began to send various text messages in which he was harassing and taunting the Plaintiff about withholding and isolating her minor daughter A.L. The Plaintiff Theodora Antar's minor child A.L. has been subjected to increased psychological and emotional abuse, including being told that she can never go to church again, never go to school again, never go to the doctor again, and never go to the residence of the Plaintiff Theodora Antar and minor child J.V. The minor child A.L. has been deprived of her right to practice her religion, deprived of her fundamental right to visitation with the Plaintiff Theodora Antar, and has been deprived of her fundamental right to visitation with her sibling J.V.

Futhermore, the Defendant Matthew J. Lodice has completely alienated and isolated the minor child A.L. while also neglecting her medical and mental health needs. A.L. has special needs which require therapy and mental health treatment that is medically necessary. In spite of this, Defendant Matthew J. Lodice has continued to refuse to allow A.L. to receive pediatric, medical, dental, or psychiatric care. Defendant Matthew J. Lodice has refused to comply with allowing the minor child A.L. to see the Plaintiff Theodora Antar, which in turn has caused severe Post-Traumatic Stress Disorder in all three of the Plaintiff's due to the Defendants all working together to isolate and psychologically abuse and use coercion against the minor child A.L. in an effort to subject the Plaintiff Theodora Antar to further abuse and harassment. The Defendant Matthew J. Lodice has stated that he will not allow the Plaintiff Theodora Antar to see or access the minor child A.L. and has continued to isolate and emotionally abuse the child, telling her that the Plaintiff is "sick" and that she can not see her until she "gets better" and saying that "mommy is lying" when Plaintiff explains she is not sick.