UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THEODORA F. ANTAR,<br>    *Plaintiff*,<br><br>           v.<br><br>MATTHEW J. LODICE *et al.*,<br>    *Defendants*. | No. 3:23-cv-1021 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Theodora F. Antar has filed *in forma pauperis* a *pro se* complaint against Matthew J. Lodice and other defendants.[1] But because it appears that there is no federal jurisdiction over Antar's complaint or that the complaint alleges plausible grounds for relief under federal law, the Court shall require by **August 23, 2023** that Antar either file an amended complaint that overcomes the concerns set forth in this ruling or file a response explaining why the complaint should not be dismissed.

### BACKGROUND

The complaint alleges the following facts. On July 1, 2023, Antar contacted Lodice via text message to "facilitat[e] a potential future visitation exchange of her minor daughter A.L."[2] The conversation took a turn when Lodice continually "request[ed] nude photos" of Antar.[3] Antar then requested that Lodice "not contact her anymore" but Lodice "continued to harass" her and threatened to "make false charges against her at DCF" so that Antar would "lose[] her other daughter. J.V."[4] According to Antar, Lodice "interferes in the contact" that Antar has with their

---

[1] Here, "complaint" refers to the amended complaint filed as Doc. #13, as "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (*per curiam*) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)).
[2] Doc. #13 at 11 (¶ 3).
[3] *Id.* at 13–14 (¶¶ 14, 16, 18).
[4] *Id.* at 16–17 (¶¶ 38–39, 41).

1

minor child. A.L.[5] Antar claims that she, A.L., and J.V. have been subject to "emotional distress" as a result of Lodice's actions.[6] Antar also claims that she and A.L. have been subject to "emotional harm and distress" resulting from the actions of other named defendants associated with Lodice.[7]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Antar may promptly respond or file an amended complaint that addresses these concerns.

It is a very basic principle that federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts have "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

---

[5] *Id.* at 19 (¶ 5).
[6] *Id.* at 17 (¶ 42), 18 (¶ 41), 21 (¶ 16).
[7] *Id.* at 22 (¶¶ 5, 8); *see also id.* at 23 (¶¶ 1, 8, 17), 24 (¶¶ 4, 5), 25 (¶¶ 5, 6), 26 (¶¶ 5, 6, 41), 27 (¶¶ 5, 6, 10).

A federal court must dismiss a complaint if at any time it is clear that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

It does not appear to me that the complaint alleges a violation of federal law to give rise to federal question jurisdiction. The complaint alleges numerous counts that arise under state law for sexual harassment (Count One), threatening (Count Two), harassment (Count Three), and intentional infliction of emotional distress (Counts Four to Twenty-One).

The complaint does not state a claim for a violation of the Constitution because it does not allege that the defendants are government or state actors. *See, e.g.*, *Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928–29 (2019). To the extent that the complaint alleges sexual harassment, the complaint does not identify any applicable federal law that applies to the facts as alleged here. For example, the complaint cites Title VII of the Civil Rights Act of 1964, but this law applies only in the context of an employer-employee relationship. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006).

To the extent that the complaint cites the Uniform Interstate Family Support Act ("UIFSA"), this law is not a federal law. *See Robinson v. Pabon*, 2002 WL 32136677, at *1 n.1 (D. Conn. 2002). To the extent that the complaint cites federal laws such as the Child Abuse Prevention and Treatment Act ("CAPTA") and the Family Violence Prevention and Services Act ("FVPSA"), such claims are inactionable because CAPTA and FVPSA do not create private rights of action. *See Nimham-El-Dey v. Childrens Aid Soc'y*, 2022 WL 4109781, at *3 (S.D.N.Y. 2022) ("CAPTA does not create a private right of action (meaning that individuals are not legally permitted to sue for relief under the statute)."); *Thompson v. State of Washington*, 2005 WL 2045886, at *2 (W.D. Wash. 2005) (noting that FVPSA "contains no private right of action").

Nor does the complaint allege facts to give rise to federal diversity jurisdiction. Federal diversity jurisdiction requires that the plaintiff and defendant be citizens of different States from one another. The complaint alleges that Antar and Lodice are both citizens of Connecticut.

## CONCLUSION

In short, it appears that the complaint is subject to dismissal under § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3) because it does not allege facts to support federal jurisdiction or, to the extent that it cites federal law, it does not allege facts to plausibly suggest any grounds for relief under federal law. But if Antar has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **August 23, 2023**.

It is so ordered.

Dated at New Haven this 9th day of August 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge